UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATHY JESMER,

                          Plaintiff,

                                                          7:16-CV-1116
v.                                                        (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

KATHY JESMER
  Plaintiff, *Pro Se*
59 South Gordon Street
Gouverneur, New York 13642

SOCIAL SECURITY ADMINISTRATION     SERGEI ADEN, ESQ.
OFFICE OF GENERAL COUNSEL–REGION II  Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this action filed by Kathy Jesmer ("Plaintiff") against the Commissioner of Social Security ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits are the following: (1) the Report-Recommendation of a United States Magistrate Judge, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that Plaintiff's motion for judgment on the pleadings be granted, Defendant's motion for judgment on the pleadings be denied, and this action be remanded to the Commissioner of Social Security pursuant to Sentence Four of 42

U.S.C. § 405(g); (2) Defendant's Objection to the Report-Recommendation; and (3) Plaintiff's Response to Defendant's Objection. (Dkt. Nos. 21, 22, 23.) For the reasons set forth below, the Magistrate-Judge's Report-Recommendation is rejected.

## I.    RELEVANT BACKGROUND

### A.    Relevant Procedural History

On June 24, 2013, Plaintiff applied for a period of Disability Insurance Benefits under Title II of the Social Security Act. (Administrative Transcript ["T."] at 60.)[1]  Generally, Plaintiff's alleged disability, which had an onset date of February 1, 2013, consisted of depression, high blood pressure, interstitial cystitis ("IC"), pelvic impairment, and low potassium. (T. at 38, 51.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). On December 8, 2014, Plaintiff appeared before ALJ Marie Greener. (T. at 36-50.) On March 2, 2015, ALJ Greener issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. at 16-35.)

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. at 22-31.)  First, the ALJ found that Plaintiff met the insured status requirements through December 31, 2018, and that Plaintiff had not engaged in substantial gainful activity since February 1, 2013. (T. at 22.) Second, the ALJ found that Plaintiff had the severe impairments of bilateral hip degenerative joint disease and IC. (*Id*.) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed

---

[1] "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec*., 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. at 24.)  Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, except that Plaintiff could not climb ladders/ropes/scaffolds and could only occasionally stoop.  (T. at 25.)  Fifth, the ALJ found that Plaintiff was incapable of performing her past relevant work, but that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  (T. at 30.)

On August 3, 2016, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. at 1-6.)   On September 14, 2016, Plaintiff commenced this action in federal court.  (Dkt. No. 1.)

Generally, in her *pro se* letter-brief in support of her motion for judgment on the pleadings in this action, Plaintiff argues that her Social Security application was "wrongfully denied" because the ALJ "broke the law several times."  (Dkt. No. 17.)

Generally, in its brief in support of its motion for judgment on the pleadings, Defendant argues that the Commissioner's decision should be affirmed because substantial evidence supports the ALJ's decision (in that a reasonable factfinder could have concluded, as did the ALJ, that Plaintiff was capable of light work and could therefore perform work existing in a significant number of jobs in the national economy).  (Dkt. No. 19 at 14-20 [attaching pages "12" through "18" of Def.'s Mem. of Law].)

### B.     Magistrate Judge's Report-Recommendation

Generally, in his Report-Recommendation, the Magistrate Judge rendered the following findings of fact and/or conclusions of law: (1) the ALJ's mental RFC determination was supported by substantial evidence; (2) however, the ALJ's physical RFC determination was not supported by substantial evidence because (a) the ALJ failed to conduct an appropriate analysis

of the medical opinion of Plaintiff's treating primary care physician Jon Emerton, M.D. (that Plaintiff required unscheduled breaks every one to two hours for 15 to 20 minutes) in that the ALJ's rationale that the opinion was "speculative" and "unsupported by cited clinical findings" was contradicted by Dr. Emerton's notations that the opinion (i) was based on Dr. Emerton's observations and treatment of Plaintiff and (ii) was consistent with Plaintiff's diagnosis of IC, as well as by Plaintiff's reports of symptoms, and (b) the ALJ failed to properly consider the effects of Plaintiff's IC (and her resulting need to frequently use a bathroom) on her ability to perform work (e.g., she did not conclude that Plaintiff's frequent need to use a bathroom could be accommodated by a regular work schedule); and (3) as a result, a remand is necessary for a proper evaluation of Plaintiff's physical RFC determination (as well as a more detailed analysis of Plaintiff's ability to meet the lifting and carrying requirements of light work). (Dkt. No. 21, at Part IV.)

        **C.**       **Objections to the Report-Recommendation**

Generally, in its Objection to the Report-Recommendation, Defendant asserts the following arguments: (1) the Magistrate Judge erred in concluding that the ALJ's physical RFC determination as not supported by substantial evidence in that the ALJ failed to properly assess Plaintiff's impairments due to her IC condition; and (2) because remand is warranted only when a finding is irrational or unreasonable under the substantial evidence standard of review, and the ALJ's decision in this matter was neither irrational nor unreasonable under that standard, the Commissioner's decision should be affirmed. (Dkt. No. 22 at 3-6 [attaching pages "1" to "4" of Def.'s Obj.].)

D.     **Plaintiff's Response to Defendant's Objection**

In her response, Plaintiff states as follows, in pertinent part: "I fully agree with a remand being given because of . . . the Judge (ALJ) erred in several . . . [ways during her] determ[ination of] the outcome of my Social Security [application]." (Dkt. No. 23.)

II.    **APPLICABLE LEGAL STANDARDS**

A.     **Standard of Review of a Report-Recommendation**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3]  Similarly, a district court will ordinarily refuse to consider argument that could have

---

[2]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not

been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**B.     Standard Governing Judicial Review of Defendant's Decision**

In Part III.A. of his Report-Recommendation, the Magistrate Judge correctly recited the legal standard governing judicial review of Defendant's decision.  (Dkt. No. 21, at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

---

[4]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

### III.     ANALYSIS

After carefully considering the matter, the Court must reject the Magistrate Judge's Report-Recommendation for the reasons stated in Defendant's objections.[6] (Dkt. No. 22 [Def.'s Obj.].) To those reasons, the Court adds the following analysis.

As indicated above in Part I.B. of this Decision and Order, the Magistrate Judge recommended that this case be remanded for further proceedings based on the ALJ's failure to (a) properly apply the treating physician rule when assessing the opinion from treating physician Dr. Emerton, and (b) properly consider the effect of Plaintiff's need to frequently use a bathroom due to IC on her ability to perform work. (Dkt. No. 21, at 8-12.) The Court respectfully disagrees with both of these findings.

First, addressing the above-stated two errors out of order, the Court finds that, although the Magistrate Judge is correct in noting that the ALJ did not explicitly state that she found that Plaintiff's IC symptoms could be accommodated by a regular work schedule, the ALJ's discussion makes it sufficiently clear that she (albeit implicitly) rendered such a finding. More specifically, the ALJ (1) discussed in detail the objective testing related to Plaintiff's IC (noting that the majority of the testing was normal), (2) stated that consultative examiner Elke Lorensen, M.D., did not identify any specific functional limitations related to bathroom needs despite being aware of Plaintiff's IC, and (3) provided specific reasons for rejecting Dr. Emerton's opinion that Plaintiff has a functional limitation of needing to take frequent, unscheduled breaks during the workday. (T. 25, 27-29.) Given the ALJ's thorough discussion of the evidence related to IC and

---

[6]     Pursuant to the standard set forth above in Part II of this Decision and Order, because Defendant filed specific objections, the Court conducted a *de novo* review of the challenged portions of the Report-Recommendation. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

her specific consideration of any IC-related limitations during her assessment of the opinion evidence, the Court finds that the ALJ properly considered the effects of that impairment on Plaintiff's ability to perform work during the ALJ's assessment of Plaintiff's RFC.  Additionally, the ALJ's discussion throughout the decision (particularly her specific rejection of Dr. Emerton's opinion that Plaintiff has a functional limitation of needing to take frequent, unscheduled breaks during the workday) implies that the ALJ found breaks beyond those typically provided in a workday were not warranted, and provides sufficient clarity to enable the Court to discern and conduct a meaningful review of her findings.  *See Booker v. Astrue*, 07-CV-0646, 2011 WL 3735808, at *5 (N.D.N.Y. Aug 24, 2011) (Sharpe, J.) ("The crucial factors in an ALJ's decision must be set forth in sufficient detail as to enable meaningful review by the court."); *Barringer v. Comm'r of Soc. Sec.*, 358 F. Supp. 2d 67, 78 (N.D.N.Y. 2005) (Sharpe, J.) ("Where 'the evidence of record permits [the court] to glean the rationale of an ALJ's decision, [the ALJ is not required to explain] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.") (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 [2d Cir. 1983]).

Second, the Court finds that the ALJ's decision to discount Dr. Emerton's opinion is supported by substantial evidence.  As indicated above in Part I.B. of this Decision and Order, the Magistrate Judge recommended that this Court find that the ALJ failed to properly assess Dr. Emerton's opinion because, contrary to the ALJ's finding that the opinion was speculative and unsupported, the opinion was based on his observations and treatment of Plaintiff as well as "his knowledge of Plaintiff and her diagnosis."  (Dkt. No. 21, at 9-10.)  However, as discussed further below, there is little clinical evidence supporting Plaintiff's subjective reports of urinary frequency (including in Dr. Emerton's treatment notes); and Dr. Emerton's knowledge of

Plaintiff's diagnosis is questionable because there is no definitive evidence that Plaintiff was diagnosed with IC specifically by a physician who performed urological testing.  Consequently, this Court finds that Dr. Emerton's notations that he based his opinion on his treatment of Plaintiff are not sufficient to establish that the ALJ's rejection of that opinion (as being unsupported by clinical findings) was error.  See 20 C.F.R. § 404.1527(c) (noting that a source's knowledge about the claimant's impairments, the source's specialization, and consistency with other evidence in the record are three factors to consider when determining the weight an opinion warrants).

A plaintiff's subjective reports alone are not sufficient to establish disability, and it well recognized that an ALJ may afford less weight to a treating physician who relies in large part on subjective reports.  See Aldrich v. Astrue, 08-CV-0402, 2009 WL 3165726, at *7 (N.D.N.Y. Sept. 28, 2009) (McAvoy, J.) (finding that the ALJ was entitled to afford less than controlling weight to the opinion of a treating physician who appeared to rely on the plaintiff's subjective complaints more than any diagnostic or clinical evidence); Dailey v. Comm'r of Soc. Sec., 14-CV-1518, 2016 WL 922261, at *5 (N.D.N.Y. Feb. 18, 2016) (Carter, M.J.) ("An ALJ may provide less weight to a treating source's opinion if that opinion is based on plaintiff's subjective complaints and not on objective medical evidence.") (citing Major v. Astrue, 12-CV-0304, 2013 WL 2296396, at *5 [W.D.N.Y. May 24, 2013], and Ford v. Astrue, 06-CV-1227, 2010 WL 3825618, at *9 [N.D.N.Y. Sept. 24, 2010]), adopted by 2016 WL 917941 (N.D.N.Y. March 10, 2016) (Suddaby, C.J.).

Here, Plaintiff's testing related to IC resulted in normal findings with the exception of a finding of dysfunctional voiding in an urodynamic evaluation of July 31, 2012.  (T. 222-23, 241, 289, 304.)  Notably, urologist Joel S. Bass, M.D., observed that straining and coughing did not

produce leakage upon his examination in July 2012.  (T. 223.)  This lack of a positive clinical finding supporting the reported urinary frequency, despite specific testing as well as general examination, distinguishes this case from *Winchell v. Comm'r of Soc. Sec.*, in which the plaintiff's objective testing showed clear evidence of her gastrointestinal disorder.  *Winchell v. Comm'r of Soc. Sec.*, 14-CV-0543, 2015 WL 7432377, at *3 (N.D.N.Y. Nov. 23, 2015) (Sharpe, J.).  In Plaintiff's case, there is no such evidence.  There was even a question as to whether Plaintiff had interstitial cystitis.  Specifically, urologist Dr. Bass diagnosed Plaintiff with only "unspecified urinary incontinence" and pelvic floor dysfunction; furthermore, Dr. Emerton based his assumption regarding IC on Plaintiff's report that her gynecologist had given her that diagnosis.  (T. 234, 378, 390, 394, 396.)  Finally, Plaintiff's reports of urinary frequency (as opposed to flank pain caused by IC) were only intermittent; a pelvic ultrasound from March 20, 2014, showed full voiding of the bladder; and she was noted to be non-compliant with her recommended IC diet and prescribed amitriptyline.  (T. 232, 234, 252, 304, 336, 359, 378, 393, 396.)

  In short, there is simply no objective evidence substantiating Plaintiff's subjective reports of limiting urinary frequency so as to suggest the ALJ erred in declining to accept those reports when rendering her physical RFC determination.  *See Camarata v. Colvin*, 14-CV-0578, 2015 WL 4598811, at *9 (N.D.N.Y. July 29, 2015) (D'Agostino, J.) ("[I]t is the province of the ALJ to consider and resolve conflicts in the evidence as long as the decision rests upon 'adequate findings supported by evidence having rational probative force.'") (quoting *Galiotti v. Astrue*, 266 F. App'x 66, 67 [2d Cir. 2008]); *Lewis v. Colvin*, 122 F. Supp. 3d 1, 7 (N.D.N.Y. 2015) (Hurd, J.) (noting that it is not the role of a court to "re-weigh evidence" because a "reviewing court defers to the Commissioner's resolution of conflicting evidence" where that resolution is

supported by substantial evidence) (quoting *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 [2d Cir. 2012], and citing *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 [2d Cir. 2009]).  The ALJ's finding that additional breaks (particularly, those referenced in the opinion of Dr. Emerton) were not warranted is supported by substantial evidence, including the lack of positive objective findings.  *See Saxon v. Astrue*, 781 F. Supp. 2d 92, 102 (N.D.N.Y. 2011) (Mordue, J.) ("The less consistent an opinion is with the record as a whole, the less weight it is to be given.") (citing *Stevens v. Barnhart*, 473 F. Supp. 2d 357, 362 [N.D.N.Y. 2007] [Bianchini, M.J.], and *Otts v. Comm'r of Soc. Sec.*, 249 F. App'x 887, 889 [2d Cir. 2007] [noting that an ALJ may reject an opinion from a treating physician "upon the identification of good reasons, such as substantial contradictory evidence in the record"]).

**ACCORDINGLY**, it is

**ORDERED** that the Magistrate Judge's Report-Recommendation (Dkt. No. 21) is **REJECTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings is **DENIED**, Defendant's motion for judgment on the pleadings is **GRANTED**; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: November 29, 2017
      Syracuse, New York

HON. GLENN T. SUDDABY
United States District Judge